# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL L. PIPITONE,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPUTY MATTHEW BARKSDALE,<br><br>  Defendant. | Case No. 2:24-cv-04072-PSG-AJR<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND (DKTS. 15-16)** |

## I.
## INTRODUCTION

On May 15, 2024, Plaintiff Paul L. Pipitone ("Plaintiff"), proceeding *pro se*, filed a Complaint (the "Complaint") against the following defendants in their individual and official capacities: (1) Deputy Matthew Barksdale; (2) Deputy Nicholas Anthony; (3) Deputy Luke Rittering; (4) Deputy Bernard; (5) Deputy Chris Langston, Sergeant; (6) San Luis Obispo County Sheriff Ian Parkinson; (7) Assistant District Attorney Ashley Cervera; and (8) "John Does & Jane Roes I-V." (Dkt. 1.) On May 23, 2024, the Court screened the Complaint and issued an order dismissing the Complaint with leave to amend. (Dkt. 6.) On August 2, 2024,

1  Plaintiff filed First Amended Complaint ("FAC") that named the same defendants
2  as the initial complaint and added three new defendants: (1) M. Conde, supervisor
3  of the San Luis Obispo County Sheriff Records Department; (2) Jenn Mebane,
4  training supervisor at the SLO County Sheriff's office; and (3) San Luis Obispo
5  County Superior Court Judge Jesse Marino. (Dkt. 12 at 12.) On August 26, 2024,
6  the Court dismissed Plaintiff's FAC with leave to amend and directed Plaintiff to
7  file a Second Amended Complaint ("SAC"). (Dkt. 14.) Plaintiff's FAC was
8  dismissed in part on the basis that Plaintiff's ongoing criminal proceedings
9  implicated the Younger abstention doctrine. (Dkt. 14 at 4.) Those proceedings
10 now appear to have concluded.[1]

11 On September 24, 2024, Plaintiff filed a SAC which names San Luis Obispo
12 County Deputy Sheriff Matthew Barksdale as the sole defendant. (Dkt. 15 at 2.)
13 On September 29, 2024, Plaintiff filed a "Corrected Second Amended Complaint"
14 which appears identical to the SAC filed on September 24, 2024. (Dkt. 16.)
15 Plaintiff's SAC alleges claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42
16 U.S.C. § 1986. (Dkt. 15 at 2.) For the reasons discussed below, the Court
17 DIMISSES both versions of the SAC for failure to state a claim upon which relief
18 can be granted, but grants Plaintiff leave to amend.

## II.

## STANDARD FOR DISMISSAL OF *PRO SE* COMPLAINT

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim *sua sponte* "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting the Ninth Circuit's position in Omar and noting that such a *sua sponte* dismissal "is

---

[1] See https://www.slo.courts.ca.gov/online-services/online-case-lookup, Search Case No. "21F-08456," September 25, 2024 Sentencing.

practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). The Court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See <u>Abagnin v. AMVAC Chem. Corp.</u>, 545 F.3d 733, 742-43 (9th Cir. 2008); see also <u>Reunion, Inc. v. F.A.A.</u>, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6)."). In civil actions where the plaintiff is proceeding *in forma pauperis* ("IFP"), Congress requires district courts to dismiss the complaint if the court determines that the complaint, or any portion thereof, (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Moreover, when a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. See <u>Karim-Panahi v. Los Angeles Police Dep't.</u>, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, the court may not, however, supply essential elements of a claim that were not initially pled. *See* <u>Pena v. Gardner</u>, 976 F.2d 469, 471-72 (9th Cir. 1992). A court must give a *pro se* litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." <u>Karim-Panahi</u>, 839 F.2d at 623 (internal quotation marks omitted).

### III.
### SUMMARY OF THE SAC'S ALLEGATIONS

Plaintiff alleges the following factual background in support of his claims:

3

Beginning in June 2022, Deputy Barksdale conducted "research" on Plaintiff by unlawfully using databases without authorization. (Dkt. 15 at 2.) On July 13, 2022, Plaintiff was in court on a previous matter (21F-08456) and was released on his own recognizance "with terms." (Id.) On July 17, 2022, Deputy Barksdale unlawfully detained Plaintiff without a warrant, reasonable suspicion, or reasonable cause. (Id.) Deputy Barksdale then entered private property at 1395 20th Street, Oceano, CA., 93445 and unlawfully began a four-hour search of Plaintiff, his car, and his home. (Id. at 3.) The search concluded with Plaintiff's arrest. (Id.) On July 17, 2022, Deputy Barksdale wrote an incident report that Plaintiff attaches to the SAC as Exhibit A/1. (Id. at 3, 15-19.)

On September 9, 2022, Deputy Barksdale testified regarding the events of July 17, 2022 at a probable cause hearing in Plaintiff's criminal proceedings. (Id. at 3.) In July 2023, Deputy Barksdale again testified regarding the events of July 17, 2022 at a suppression hearing in Plaintiff's criminal proceedings. (Id. at 4.)

## IV.
## DISCUSSION

**A.  Deputy Barksdale Is Entitled to Witness Immunity For His Testimony At The Probable Cause And Suppression Hearings.**

"Witnesses, including police officers, are absolutely immune from liability for testimony at trial." Lisker v. City of Los Angeles, 780 F.3d 1237, 1241 (9th Cir. 2015). This "[a]bsolute witness immunity also extends to preparatory activities inextricably tied to testimony, such as conspiracies to testify falsely." Id. (internal quotations omitted). Such immunity covers "adversarial pretrial hearings" as well. See Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir. 1987) ("[W]itnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony.").

The claims pled in the SAC appear to be premised on Deputy Barksdale's

4

testimony at pre-trial hearings that occurred in Plaintiff's criminal proceedings in September of 2022 and July of 2023. (Dkt. 15 at 4.) Thus, Deputy Barksdale would be entitled to witness immunity in this action to the extent Plaintiff's claims arise from that testimony. The same is true for any statement Deputy Barksdale made in an affidavit offered in pre-trial proceedings. See Burns v. Cnty. of King, 883 F.2d 819, 822 (9th Cir. 1989) ("Under the analysis of *Briscoe* and *Holt,* Warwick is entitled to absolute immunity for the statements made in her affidavit to the court."). Accordingly, to the extent Plaintiff seeks to allege Section 1983 claims against Deputy Barksdale based on the Deputy's testimony at adversarial pretrial proceedings in Plaintiff's criminal prosecution, those claims are subject to dismissal on the basis of witness immunity.

**B.** **Conditions Of Plaintiff's Release Awaiting Trial May Limit His Ability To Recover For Fourth Amendment Violations Under Section 1983.**

Plaintiff alleges that Deputy Barksdale unlawfully gathered information on him "using data[b]ases without authorization," unlawfully detained him without "reasonable suspicion," and unlawfully entered his property to conduct a four-hour search and seizure. (Dkt. 15 at 2-3.) Plaintiff is advised that to the extent he seeks to allege a Fourth Amendment claim based on events that occurred while he was on parole, probation, or supervised release, "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." Samson v. California, 547 U.S. 843, 857 (2006), United States v. Betts, 511 F.3d 872, 876 (9th Cir. 2007) (applying Samson to those on supervise release). Further, "[p]olice or parole officers may lawfully conduct searches of parolees or their residences without satisfying the Fourth Amendment's warrant requirement when" (1) "the parolee is subject to a provision authorizing such warrantless searches"; and (2) the searching officers "have probable cause to believe that the parolee is a resident of the house to be searched." United States v. Grandberry, 730 F.3d 968, 973 (9th Cir. 2013).

In the SAC, Plaintiff states that he was in court on July 13, 2022 regarding a previous matter and was released on his own recognizance "with terms." (Dkt. 15 at 2.) Deputy Barksdale's incident report states that Plaintiff had agreed on July 13, 2022 to "submit upon demand of peace officer/probation officer to search of person, personal property, residence, and/or vehicle owner or being operated by defendant without warrant, with or without probable cause, any time of day or night." (Id. at 17.) The allegedly unlawful searches and seizures took place on July 17, 2022. (Id. at 2-3.) Thus, it appears that Deputy Barksdale would not have violated Plaintiff's Fourth Amendment rights by searching his person or his residence, as long as Deputy Barksdale had probable cause to believe the residence searched belonged to Plaintiff. Deputy Barksdale's incident report states that on July 17, 2022, Plaintiff told Deputy Barksdale that he lived in the "first bedroom on right side of the house" in question and "owned a grey car that was parked in the drive way." (Id. at 17.) Thus, it is unclear how Plaintiff could claim that Deputy Barksdale lacked probable cause to believe the residence searched on July 17, 2022 belonged to Plaintiff.

C. **Plaintiff's Other Claims Are Subject To Dismissal.**

Plaintiff alleges that the events described in the SAC also violated his First, Fifth, Eighth, and Fourteenth Amendment rights. (Id. at 4.) However, Plaintiff does not make any factual allegations that would support a First, Fifth, Eighth, or Fourteenth Amendment claim, and therefore, to the extent Plaintiff intended to plead those claims, they are subject to dismissal. Finally, "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979). Accordingly, since Plaintiff fails to state a claim regarding constitutional violations under Section 1983, he also fails to state a claim under 42 U.S.C. § 1985 and 42 U.S.C. § 1986. See White v. Rockafellow, 181 F.3d 106 (6th Cir. 1999) ("As no constitutional violation occurred, White also had no cause of

action under § 1985(3) or § 1986.").

## V.
## ORDER

Based on the foregoing, the SAC is dismissed with leave to amend. On or before **October 31, 2024**, Plaintiff shall file a Third Amended Complaint ("TAC") that attempts to remedy the identified defects. If Plaintiff chooses to file a TAC, it should bear the docket number assigned to this case (2:24-cv-04072-PSG-AJR), be labeled "Third Amended Complaint," and be complete in and of itself without reference in any manner to the original Complaint, the FAC, SAC, or any other document (except any document that Plaintiff chooses to attach to the TAC as an exhibit). Plaintiff is encouraged to state his claims in simple language and provide only a brief statement of supporting facts, omitting facts that are not relevant. <u>Should Plaintiff decide to file a SAC, he is encouraged to utilize the Pro Se 15 form complaint attached to this Order</u>.

**Plaintiff is explicitly cautioned that failure to timely file a TAC, or failure to correct the deficiencies described above, may result in a recommendation that this action or certain claims be dismissed with prejudice.** Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>A form Notice of Dismissal is attached for Plaintiff's convenience</u>.

DATED: October 1, 2024

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE

<u>Attachments:</u>
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or

7

(c).

Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner), available at https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.