

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAUL L. PIPITONE,

        Plaintiff,

   v.

DEPUTY MATTHEW BARKSDALE, ET AL.,

        Defendants.

Case No. 2:24-cv-0472-SSS-AJR

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the motion to dismiss, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. The Court has considered Plaintiff's January 20, 2026 Objections, Defendants' January 28, 2026 Response, and Plaintiff's February 8, 2026 Reply to Defendants' Response. The Court has also conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objected. Having conducted a *de novo* review, Plaintiff's Objections and Reply to Defendants' Response do not cause this Court to alter or modify the Report and Recommendation.

Plaintiff's Objections contend that the Magistrate Judge raised the defense of qualified immunity *sua sponte* without giving Plaintiff a fair opportunity to brief the issue. (Dkt. 39 at 4.) However, Defendants correctly point out in their Response that application

of the doctrine of qualified immunity is based on Defendants' argument that Plaintiff's fifth cause of action is barred by the intracorporate conspiracy doctrine.  (Dkt. 40 at 2-3.)  Indeed, the Report concludes that qualified immunity applies because the Ninth Circuit has held that it is an open question whether individual members of a single government entity can form a conspiracy within the meaning of Section 1985.  (Dkt. 37 at 12.)  Moreover, Plaintiff has now had the opportunity to file Objections and a Reply to Defendants' Response.  Neither filing provides any basis to conclude that Defendants are not entitled to qualified immunity as to Plaintiff's fifth cause of action.

Plaintiff's Objections do not address the Report's conclusion that Plaintiff's second cause of action is time-barred.  However, Plaintiff's Reply to Defendants' Response argues that his second cause of action is not time-barred because he did not discover that Defendants lacked a warrant to support his arrest until February of 2023.  (Dkt. 44 at 12.)  But even assuming this were true, Plaintiff's second cause of action still would have accrued in July and August of 2022 when he alleges that he was unlawfully detained.  (Dkt. 24 at 3, 9, 12-14.)  Plaintiff's second cause of action for negligence is based on the allegation that the County of San Luis Obispo breached its duty of care "by failing to adequately supervise" and "train its deputies," including Deputies Barksdale and Anthony.  (Dkt. 24 at 16-17.)  All elements of this cause of action were complete, and therefore the cause of action began to accrue, when Deputy Anthony allegedly unlawfully detained Plaintiff on August 31, 2022.  (Id. at 13-14.)

Plaintiff's Reply to Defendants' Response further argues that he is entitled to equitable tolling for the period he was incarcerated from December 6, 2022 to February 2, 2023.  (Dkt. 44 at 12-13.)  However, "the doctrine of equitable tolling cannot be invoked to suspend [California Government Code] section 911.2's six-month deadline for filing a prerequisite government claim.  As we have explained, . . . the six-month period of section 911.2 is not a statute of limitations to which tolling rules might apply." *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1121 (2020) (internal citation omitted).  "Application of tolling to the claims presentation deadline would undercut the public policies and

purposes that require that deadline be "strict[ly]" applied." *Id*. at 1122 (alteration in original, citation omitted). And even assuming that Plaintiff were entitled to equitable tolling from December 6, 2022 through February 2, 2023, the six-month limitations period still would have expired before he filed his notice of claim on May 6, 2023. Specifically, the limitations period would have run from September 1, 2022 through December 5, 2022 (95 days), and then from February 3, 2023 until May 1, 2023 (87 days), when the six-month limitations period would have expired (95 + 87 = 182 days = six months). Regardless, if Plaintiff wanted to seek relief from the six-month claim presentation requirement, he would have been required to file an application for leave to present a late claim within one year after accrual of the cause of action. See Cal. Gov't Code § 911.4(a)-(b). Plaintiff never sought leave to present a late claim and it is now far too late to do so.

Finally, Plaintiff's Reply to Defendants' Response repeats his arguments related to the continuing violation doctrine. (Dkt. 44 at 13-15.) However, Plaintiff still has not alleged facts plausibly suggesting that Defendants engaged in a pattern of reasonably frequent and similar acts to justify treating those acts as an indivisible course of conduct. Accordingly, the Magistrate Judge correctly determined that the continuing violation doctrine does not apply to Plaintiff's second cause of action. (Dkt. 37 at 9-10.) Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that: (1) Defendants' Motion to Dismiss is GRANTED (Dkt. 31); (2) Plaintiff's second cause of action for negligence in the Fourth Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND; (3) Plaintiff's fifth cause of action for conspiracy and failure to protect under 42 U.S.C. §§ 1985-86 in the Fourth Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND; and (4) Defendants shall file an Answer to the remaining causes of action in the Fourth Amended Complaint without thirty (30) days (Count I for unlawful detainment, Count III for violation of the Fourth Amendment right to be free of unlawful detainment and seizures,

and Count IV for violation of the Fourth Amendment right to be free from false arrest).

IT IS FURTHER ORDERED that the Clerk serve copies of this Order herein on Plaintiff at Plaintiff's current address of record, as well as all parties who have appeared in the action.

DATED: February 27, 2026

_____
HON. SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

4